UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELAINE L. CHAO, Secretary of Labor,            \*
United States Department of Labor,             \*
                                               \*
                Plaintiff,                     \*     04 12251 RWZ
                                               \*     CIVIL ACTION
        v.                                     \*     FILE NO.
                                               \*
LOGAN HEALTHCARE MANAGEMENT GROUP,             \*
JOEL LOGAN, TODD LOGAN and MARK LOGAN,         \*
                                               \*
                Defendants.                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1)    This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA.

(2)    The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3)    Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

(4)    Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, ("Secretary") is charged with the responsibility of protecting the interests of participants in, and beneficiaries of, employee benefit plans, pursuant to ERISA.

(5) Logan Healthcare Management Group (hereinafter, "LHMG" or the "Company") is a Massachusetts Corporation with its place of business at 593 Washington Street, Weymouth, MA 02188. LHMG manages nursing homes and rehabilitation facilities in Massachusetts.

(6) The Logan Healthcare Management Group 401(k) Plan (hereinafter, the "Plan") is a defined contribution pension plan established on January 1, 1995 by LHMG. The Plan is an employee benefit plan pursuant to ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).

(7) The Company is the Plan Sponsor and has served as the Plan Administrator of the Plan continuously from January 1997 to the present, the period of time covered by this Complaint (hereinafter, "pertinent period").

(8) During the pertinent period, LHMG has been the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i). LHMG also acted as Plan Administrator for the Plan, and as such, was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). Furthermore, at all times relevant hereto, LHMG was a party in interest within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

(9) During the pertinent period, Defendant Joel Logan has been a Trustee of the Plan and a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and at all times exercised discretionary authority and control regarding the administration and management of the Plan, and authority or control over the management and disposition of its assets. Furthermore, at all times relevant hereto, Defendant Joel Logan has been a party in interest within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

(10) During the pertinent period, Defendant Todd Logan has been a Trustee of the Plan and a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C.

§ 1002(21)(A), and at all times exercised discretionary authority and control regarding the administration and management of the Plan, and authority or control over the management and disposition of its assets. Furthermore, at all times relevant hereto, Defendant Todd Logan has been a party in interest within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

(11)   During the pertinent period, Defendant Mark Logan has been a Trustee of the Plan and a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and at all times exercised discretionary authority and control regarding the administration and management of the Plan, and authority or control over the management and disposition of its assets. Furthermore, at all times relevant hereto, Defendant Mark Logan has been a party in interest within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

## ALLEGED VIOLATIONS

(12)   The allegations incorporate paragraphs (1) - (11).

(13)   Defendants, the Company and Joel Logan, Todd Logan and Mark Logan failed to discharge their fiduciary duties with respect to the Plan solely in the interests of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, and with the care, skill prudence and diligence under the circumstances prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and failed to act in accordance with plan documents, in violation of ERISA §§404(a)(1)(A),(B), and (D), 29 U.S.C. §§1104(a)(1)(A),(B), and (D) by, among other things, during the pertinent period, (1) failing to properly and timely transmit money withheld from employee paychecks to the Plan, (2) diverting such money withheld from employee

paychecks, which funds were assets of the Plan pursuant to Department of Labor Regulation at 29 CFR 2510.3-102, for uses unrelated to the Plan, including for the daily operations of the Company, (3) failing to properly and timely transmit money withheld from employee paychecks to the Plan for payment of participant loans, (4) failing to transmit money withheld from employee paychecks to the Plan in violation of the language of the Plan documents, and (5) failing to ensure that the Plan was properly administered.

(14) By the actions set forth in paragraph (13), the Defendants caused the Plan to engage in transactions that they knew or should have known constituted direct or indirect transfers to or uses by or for the benefit of a party in interest, of assets of the Plan in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(15) By the actions set forth in paragraph (13), Defendants participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

(16) The acts or omissions set forth in paragraph (13) have caused losses to the Plan.

### RELIEF SOUGHT

WHEREFORE, the Secretary prays that this Court enter an Order:

1. Permanently enjoining the Defendants from violating the provisions of Title I of ERISA.

2. Requiring all of the Defendants jointly and severally to restore all monies due to the Plan as a result of their fiduciary breaches, as well as lost earnings resulting from said breaches.

3. Requiring Defendants to undo all prohibited transactions in which they engaged or for which they are liable.

4. Requiring Defendants to disgorge all profits gained as a result of their engagement or participation in prohibited transactions.

5. Awarding Plaintiff the costs of this action and such further relief as is just and appropriate.

                                    Respectfully submitted,

                                    Howard M. Radzely
                                    Solicitor of Labor

                                    Frank V. McDermott, Jr.
                                    Regional Solicitor

                                    _____
                                    Natalia A. Baltazar
                                    Attorney (BBO#653023)

                                    U.S. Department of Labor
                                    Attorneys for Plaintiff

                                    Post Office Address:
                                    U.S. Department of Labor
                                    Office of the Solicitor
                                    Room E-375
                                    Boston, MA 02203
                                    (617) 565-2500

DATE: October 19, 2004