UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELAINE L. CHAO, Secretary of Labor,  *
United States Department of Labor,   *
                                     *
         Plaintiff,                  *
                                     *   CIVIL ACTION
         v.                          *   FILE NO.
LOGAN HEALTHCARE MANAGEMENT GROUP,   *
JOEL LOGAN, TODD LOGAN and MARK LOGAN, *
                                     *
         Defendants.                 *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONSENT JUDGMENT AND ORDER

Defendants Joel Logan, Todd Logan, and Mark Logan and Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor (hereinafter collectively known as "the parties"), have agreed to resolve all matters in controversy in this action, including resolution of the penalty to be assessed pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l) and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

Plaintiff has filed her Complaint and Defendants have waived service and have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, the parties having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants are hereby permanently enjoined from the date of entry of this Judgment from engaging in any action in violation of the provisions of §§404 and 406 of ERISA, 29 U.S.C. §§1104 and 1106.

2. Defendants are hereby permanently enjoined from acting in any fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to, refraining from serving as Trustee or Administrator with respect to any ERISA-covered employee benefit plan in the future, except with respect to any actions they are required to take to ensure the proper termination of the Logan Healthcare Management Group 401(k) Plan (the "Plan") and the distribution of benefits to the Plan participants.

3. Defendants in their capacities as named trustees to the Plan, failed to ensure that $25,560.72 of employee contributions and loan repayments were forwarded to the Plan during the periods July 2002, and November 2002 through June 2003, and failed to timely forward employee contributions during several periods from October 1998 forward.

4. The employee contributions which were not forwarded, and those which were not forwarded timely, became assets of the Plan by operation of 29 C.F.R. §2510.3-102(b)(1).

5. Defendants violated 29 U.S.C. §§1104 and 1106 by failing to forward the $25,560.72 in employee contributions and loan repayments to the Plan, and by failing to timely forward to the Plan other employee contributions.

6. Defendants shall pay, or cause to be paid restitution to the Plan in the amount of $36,558.13 which includes principal and pre-judgment interest, plus post-judgment interest at the rate of 2.20% per annum on any unpaid amounts from the date of judgment, calculated monthly (the pre-judgment interest and the principal, are collectively referred to as the "Restitution"). No amount of the Restitution shall be paid to any of the Defendants. The Restitution shall be allocated to the accounts of the Plan Participants who were affected by the violations set forth above, in proportion to the losses each incurred, to the extent possible and shall be paid to the Plan as follows: an initial payment of $6,093.02 shall be paid to the Plan on November 1, 2004; thereafter ten (10) equal monthly installments of $3,046.51, plus accrued post-judgment interest payable, shall be paid to the Plan on the first (1st) day of each month beginning December 1, 2004 until the Restitution is paid in full. Nothing herein shall prevent Defendants from making

payment of the Restitution amount on an accelerated basis. Failure of the Defendants to make any payment in a timely manner pursuant to this judgment shall cause the entire outstanding balance to become due and owing immediately. Within ten (10) days after making each monthly payment, Defendants shall provide written evidence to EBSA, Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, showing that they have made the required payments to the Plan.

7. Defendants' breaches of their fiduciary duties under ERISA to the Plan, as set forth above, constitute defalcations while acting in a fiduciary capacity with respect to the Plan and its participants, within the meaning of 11 U.S.C. §523(a)(4).

8. In the event any of the Defendants file for bankruptcy protection in the future, any amount of unpaid Restitution set forth in paragraph six (6) above, which resulted from their breach of fiduciary duties, is, and shall be treated as, a nondischargeable debt under §523(a)(4) of the Bankruptcy Code, 11 U.S.C. §523(a)(4).

9. Defendants have hired the Wagner Law Group to assist in the administration and termination of the Plan. Accordingly, Defendants shall provide the Wagner Law Group access to all documents and other information as may be necessary to properly effectuate the termination of the Plan and the distribution of the Plan's assets to the Plan participants.

10. For civil penalty purposes the "applicable recovery amount" pursuant to ERISA §502(l)(2), 29 U.S.C. §1132(l)(2) in this matter is the total Restitution amount, plus all post-judgment interest paid pursuant to this Judgment. Defendants waive any defenses or appeals regarding the penalty to be imposed pursuant to ERISA §502(l), 29 U.S.C. §1132(l).

11. Defendants shall pay the Plaintiff the civil penalty of twenty percent (20%) of the applicable recovery amount, pursuant to ERISA §502(l)(1) and (2), 29 U.S.C. §1132(l)(1) and (2), no later than thirty (30) days after payment of the total Restitution amount plus all applicable post-judgment interest.

12. Each party shall bear its own fees, costs and expenses in connection with this action, and Defendants waive any right they might have under the Equal Access to Justice Act.

13. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

14. Nothing in this Order is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS _____ DAY OF _____, _____.

_____
United States District Judge

| | |
|---|---|
| Defendant Joel Logan<br>hereby moves for entry of<br>this judgment:<br><br>*[signature]*<br><br>Defendant Todd Logan<br>hereby moves for entry of<br>this judgment:<br><br>*[signature]*<br><br>Defendant Mark Logan<br>hereby moves for entry of<br>this judgment:<br><br>*[signature]* | Plaintiff Elaine L. Chao, Secretary of Labor,<br>hereby moves for entry of this Judgment:<br><br>Howard M. Radzely<br>Solicitor of Labor<br><br>Frank V. McDermott, Jr.<br>Regional Solicitor<br><br>*[signature]*<br>Natalia A. Baltazar<br>Attorney (BBO#653023)<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff<br><br>*Post Office Address*:<br>Office of the Solicitor<br>JFK Federal Building<br>Room E-375<br>Boston, MA 02203<br>Tel: (617) 565-2500<br>Fax: (617) 565-2142<br><br>Dated: October 19, 2004 |